```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DARREN GUNTER,                                        :

                          Petitioner,                 :

             -against-                                :

SUPERINTENDENT WILLIAM A. LEE,                        :

                          Respondent.                 :
------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2014
```

**MEMORANDUM ORDER**

12-CV-8331 (VEC) (KNF)

Pro se Petitioner Darren Gunter filed this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254 on November 14, 2012. The Petition challenges Gunter's conviction in the New York State Supreme Court, Bronx County, for second-degree murder and his sentence of twenty years to life imprisonment. In the Petition, Gunter claims that: (1) his statements to law enforcement officers should have been suppressed; (2) the jury verdict was against the weight of the evidence; (3) prosecutorial misconduct in the summation prevented him from receiving a fair trial; and (4) his sentence is excessive and should be reduced. Dkt. 2. Magistrate Judge Fox issued a Report and Recommendation that recommended the Petition be denied in its entirety (the "R&R"). Dkt. 21. Petitioner objected to the R&R (the "Response"). Dkt. 24. Upon careful review of the R&R, the Response and the record, the Petition is DENIED.

## STANDARD OF REVIEW

In reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *See also United States v. Male*

1

*Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If, however, the objections "are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error." *Brown v. Conway*, 06 Civ. 5041 (RO), 2011 WL 1362125, at *2 (S.D.N.Y. Apr. 8, 2011). *See also Laster v. Mancini*, No. 07 Civ. 8265 (DAB), 2013 WL 5405468, at *2 (S.D.N.Y. Sept. 25, 2013); *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (to establish clear error, a court "must, upon review of the entire record, be left with the definite and firm conviction that a mistake has been committed.").

## DISCUSSION

Gunter raises three arguments in his Response, all of which were previously considered on direct appeal and by the Magistrate Judge. *See People v. Gunter*, 89 A.D.3d 461, 461-462 (App. Div. 1st Dep't 2011). First, Gunter argues that his statements to law enforcement officers should have been suppressed. Pet. at 2-10. Second, Gunter contends that the jury verdict was against the weight of the evidence. *Id.* at 6-13. Third, Gunter argues he was denied a denied a fair trial based on improper comments made by the prosecutor during summation. *Id.* at 13-15. Gunter does not object to the R&R's recommendation that his fourth claim relating to the length of his sentence be dismissed. Because Petitioner's Response simply reiterates the arguments made on direct appeal and in the Petition, the Court reviews the R&R for clear error.

I. **Fourth Amendment Suppression Claim**

The R&R concludes that Petitioner's claim that his statements to a New York City Police Detective should have been suppressed is barred from federal review. R&R at 15-16. Habeas review of a Fourth Amendment claim is appropriate only if the state "has provided no corrective procedures at all to redress the alleged fourth amendment violations," or "has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of

an unconscionable breakdown in the underlying process." *Id.* (citing *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). *See also Stone v. Powell*, 428 U.S. 465, 481-82 (1976). Gunter, who litigated his Fourth Amendment claim at the trial and appellate level, does not refute Magistrate Judge Fox's finding that he was provided a full and fair opportunity to litigate his claim in state court, nor does he allege that he was precluded from using the state corrective mechanism. Accordingly, the Court concurs with the R&R's conclusion that Petitioner's Fourth Amendment claim is not cognizable on habeas corpus review. *See Canteen v. Smith*, 555 F. Supp. 2d 407, 416 (S.D.N.Y. 2008).

## II.     Verdict Is Against the Weight of the Evidence

"[I]t is well settled that upon habeas corpus the court will not weigh the evidence." *Hyde v. Shine*, 199 U.S. 62, 84 (1905). Accordingly, the R&R correctly concluded that this claim is not cognizable before this Court. R&R at 16. *See also McKinnon v. Comm'r, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus … and as a matter of federal constitutional law a jury's verdict may only be overturned if the evidence is insufficient to permit any rational juror to find guilt beyond a reasonable doubt.").

Even construing Petitioner's claim liberally as a claim that "the evidence adduced at a state trial was not sufficient to convict a criminal defendant beyond a reasonable doubt," *see Herrera v. Collins*, 506 U.S. 390, 401 (1993), the R&R correctly rejected Petitioner's claim. Under controlling Supreme Court precedent, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To establish his affirmative defense to felony murder under New York law,

Gunter had to show, by a preponderance of the evidence, *see* N.Y. Penal Law § 25.00(2), *inter alia*, that he "[h]ad no reasonable ground to believe that any other participant was armed with . . . a [deadly] weapon." N.Y. Penal Law § 125.25(3)(c). As the Appellate Division and Magistrate Judge Fox held, Petitioner's videotaped statements, in which he admitted that he knew or strongly suspected that one of his coconspirators had a gun, "undermined his claim that he had no reasonable ground to believe that any of the other participants was armed with a deadly weapon." *See Gunter*, 89 A.D.3d at 462; R&R at 17. The R&R's conclusion that a reasonable factfinder *could* have found Petitioner guilty and its rejection of Petitioner's sufficiency of the evidence claim is not clearly erroneous and is adopted by this Court.

### III.    Prosecutorial Misconduct During Summation

In his Petition and Response, Petitioner makes three arguments based on alleged prosecutorial misconduct during summation: (1) the prosecutor made inflammatory comments regarding the character of the victim's family in contrast with that of the perpetrators; (2) the prosecutor "argued outside the four corners of the evidence" by interjecting unsubstantiated information regarding the sexual relationship between the victim and one of the other perpetrators; and (3) the prosecutor lowered the burden of proof by asking the jury to reach speculative conclusions as to the possibility that Gunter may have been the shooter despite the lack of evidence that he was. Petitioner raised these same claims on direct appeal; the Appellate Division found that "[o]f [Petitioner's] challenges to the prosecutor's summation, the only claim that he properly preserved by way of a timely and specific objection was his claim that a particular comment asserted facts not in evidence." *Gunter*, 89 A.D.3d at 462. The Appellate Division thus declined to review the other two summation-related claims as "unpreserved" but, in the alternative, found no basis for reversal. *Id.*

The Supreme Court has made clear that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed,* 489 U.S. 255, 262 (1989) (citations & internal quotations omitted). As the Second Circuit has held, "there is no question that the Appellate Division's explicit invocation of the procedural bar [for failure to lodge a proper objection at trial] constitutes an 'independent' state ground" even if the court addresses the merits as an alternative holding. *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (citation omitted). Thus, the Appellate Division's determination that two of Petitioner's prosecutorial misconduct claims were procedurally barred as "unpreserved" under New York's contemporaneous objection rule is clearly an "independent" finding of procedural default, regardless of the court's alternative holding on the merits.

As to adequacy, although "[o]rdinarily, violation of 'firmly established and regularly followed' state rules . . . will be adequate to foreclose review of a federal claim," there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (citation omitted). In this context, adequacy "presents a question of federal law and requires evaluation of 'the state interest in a procedural rule against the circumstances of a particular case.'" *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (citing *Lee,* 534 U.S. at 386–87).[1]

---

[1] Factors to be considered in determining whether such an "exceptional case" exists include "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had 'substantially complied' with the rule given 'the realities of trial,' and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest." *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (citing *Lee*, 534 U.S. at 376, 381-85).

The R&R concludes that the Appellate Division's reliance on procedural default in rejecting two of Petitioner's prosecutorial misconduct claims was not an "adequate" state ground, reasoning that, because Petitioner lodged his objections during the prosecutor's summation and later moved for a mistrial on the same grounds, he substantially complied with New York's contemporaneous objection rule.  R&R at 18.  On that basis, the R&R found that the Appellate Division had erred in concluding that two of Petitioner's prosecutorial misconduct claims were "unpreserved."  *Id.*  Based on that finding, the Magistrate Judge reviewed all of Petitioner's prosecutorial misconduct claims de novo, ultimately concluding that the prosecutor's comments in summation, while improper, did not amount to a denial of due process.  *Id.* at 18-19 (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 647-48 (1974)).  Although the R&R does not analyze whether this is the "exceptional case" in which the "exorbitant application" of New York's contemporaneous objection rule renders it inadequate for purposes of habeas review, *Lee*, 534 U.S. at 376, nor does it discuss Circuit guidance that "[o]ur task is not to determine whether [the state court] ruling was correct, but to determine its adequacy to preclude federal habeas review", *Cotto*, 331 F.3d at 247, its ultimate conclusion is correct.  The prosecutor's comments during summation were arguably improper, but they were not "so prejudicial that they rendered the trial in question fundamentally unfair," *Garofolo v. Coomb*, 804 F.2d 201, 206 (2d Cir. 1986), particularly in light of the trial court's curative instructions.  Petitioner's prosecutorial misconduct claims are therefore dismissed.

## IV. Excessive Sentence

In his Petition, Gunter argues that his sentence of twenty years to life imprisonment should be reduced based on his background and minimal involvement in the crime.  Pet. at 52-54.  Gunter did not object to the R&R's dismissal of this claim, which was clearly proper for the

reasons stated in the R&R.  R&R at 19 (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

## CONCLUSION

For the reasons set forth above, the R&R is affirmed, and the Petition is denied.  Because Petitioner has not made a substantial showing that his constitutional rights were violated, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith.  *Coppedge v. United States,* 369 U.S. 438, 445 (1962).  The Clerk of Court is respectfully requested to mail a copy of this Order to Petitioner and note service on the docket.  The Clerk of Court is further requested to close the case.

**SO ORDERED.**

**Date:  October 24, 2014**
**New York, NY**                                  **VALERIE CAPRONI**
                                                  **United States District Judge**